Received of:
In Chambers Judge
U.S. District Judge
DORA L. IRIZARRY
OCT 01 2014

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITCHELL GROUP USA LLC; and GAPARDIS HEALTH AND BEAUTY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NKEM UDEH, individually and d/b/a "BEAUTY RESOURCE", JOHN DOES 1-10; and UNKNOWN ENTITIES 1-10, <br><br> Defendants. | Case Number: CV 14 5745 <br><br> Judge: IRIZARRY, J. <br><br> Magistrate: ORENSTEIN, M.J. |

### ORDER TO SHOW CAUSE AGAINST DEFENDANTS OR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, EXPEDITED DISCOVERY AND ORDER OF SEIZURE OF INVENTORY AND BUSINESS RECORDS

This cause, having been brought before the Court by Plaintiffs, Mitchell Group USA LLC and Gapardis Health and Beauty, Inc., (hereinafter "Plaintiffs"), upon its motion, ex parte, for an order to show cause for a temporary restraining order, preliminary injunction, accounting, expedited discovery, and order of seizure of inventory and business records, and having duly considered the arguments and authority presented by the Plaintiffs, including the Complaint, Plaintiffs' Memorandum of Law in Support of its Motion for Ex Parte Order, the Declarations of Plaintiffs' investigator Bradford Cole and Plaintiffs' counsel Matthew C. Wagner, and the Declaration of Plaintiffs' corporate representative, Lucien Chidiac, filed in support hereof, and all associated documents submitted in support thereof, all documents and proceedings on Plaintiffs' application for ex parte relief, and the Court's files and proceedings herein,

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED:

1. That, pursuant to 15 U.S.C. §1116 the Defendants, Nkem Udeh, individually and d/b/a "Beauty Resource"; "John Does" 1-10; and Unknown Entities 1-10 (collectively, "Defendants") their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby enjoined and restrained from using on or in connection with the importation, sale, offering for sale, and distribution the NEOPROSONE and

LEMONVATE Marks, the typestyle utilized by Plaintiffs in association with the NEOPROSONE and LEMONVATE Marks or any other trademarks or trade dress in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of Plaintiffs' trademarks and trade dress, specifically the NEOPROSONE and LEMONVATE marks, as shown in U.S. Registration Nos.:

 3,108,357 (NEOPROSONE)

 3,457,390 (LEMONVATE)

distinctive designs, and packaging, and further,

 2. That, pursuant to 15 U.S.C. §1125, 28 U.S.C. § 1651, and under the Court's equitable powers under Fed. R. Civ. P. 65, the Defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby enjoined and restrained from using on or in connection with the importation, sale, offering for sale, and distribution the FAIR & WHITE and PARIS FAIR & WHITE Marks, the typestyle utilized by Plaintiffs in association with the FAIR & WHITE and PARIS FAIR & WHITE Marks or any other trademarks or trade dress in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of Plaintiffs' trademarks and trade dress, specifically the FAIR & WHITE and PARIS FAIR & WHITE marks, as shown in U.S. Registration Nos.:

 2,839,374 (FAIR & WHITE)

 2,497,918 (PARIS FAIR & WHITE)

distinctive designs, and packaging, and further,

 3. That, Defendants, their agents, employees, affiliates, and any business entities and/or persons controlled directly or indirectly by them or acting on their behalf or in concert with them, are hereby enjoined and restrained from destroying, altering, removing or secreting any books and records, including but not limited to invoices, purchase orders, receipts, banking records, ~~safe deposit box records,~~ business investment records, shipping labels, ~~or tax returns,~~ including all records stored on computer discs or tapes

or within computer terminals, hard drives, servers or otherwise, which contain any information whatsoever concerning the business or finances of any of the Defendants related to or otherwise reflecting transactions of any kind involving counterfeit, imitation, infringing, or other goods bearing Plaintiffs' NEOPROSONE, LEMONVATE, FAIR & WHITE, and PARIS FAIR & WHITE marks, distinctive designs and packaging, and further,

4. That the United States Marshals, their deputies and those persons acting under their supervision are directed to serve a copy of this Order upon Defendants, their managing agent(s), or their employees at [posting a copy as did cups ted below] their place of business at the time of the seizure ordered herein; and further,

5. That the United States Marshals, their deputies and those persons acting under their supervision, including Plaintiffs' representatives and attorneys, are hereby commanded within seven (7) days of the signing of this Order to enter upon the premises of the Defendants, at 3311 Church Avenue, Brooklyn New York 11203 and any adjoining areas occupied by any Defendants, *other than a home* and seize any and all: unauthorized, counterfeit and/or infringing goods bearing the Plaintiffs' NEOPROSONE, LEMONVATE, FAIR & WHITE, and PARIS FAIR & WHITE marks, the distinctive designs and packaging and any other trademark or trade dress in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of Plaintiffs' Trademarks mentioned above; correspondence with customers, vendors and any others, sales invoices, purchase orders, return forms, receipts, bank records, ~~safe deposit box records~~, shipping labels/records, ~~tax returns and~~/or other business records of any kind, including ~~all computer terminals, hard drives, servers, disks and tapes~~ in Defendants' possession, which Plaintiffs reasonably believe contain evidence of Defendants' sales of counterfeit and infringing goods bearing the Plaintiffs' Trademarks mentioned above, and/or indicate the names and/or addresses of distributors, suppliers, manufacturers and/or purchasers of such goods, and/or contain, indicate or otherwise reflect or pertain to any transactions of any kind involving such goods; and further,

6. That, during the time of the seizure Ordered herein, the Plaintiffs' representatives, investigators and attorneys may be present and assist the U.S. Marshals, their deputies and all persons acting under

5

their supervision in their efforts to identify those items which fall within the scope of this Order, and that the United States Marshals, their deputies and all persons acting under his supervision are further empowered to take all steps necessary to proceed in a lawful manner, including:

a. The U.S. Marshals Service is authorized to take necessary steps, using whatever force necessary, including breaking open, entering and searching for the unauthorized, counterfeit and/or infringing goods bearing the Plaintiffs' trademarks located at 3311 Church Avenue, Brooklyn New York 11203 and to secure and under the supervision of the U.S. Marshals Service have property removed from said premises. Plaintiffs including their attorneys and/or their investigators are responsible for the transport to the appropriate storage facility to place said property;

b. Plaintiffs including their attorneys and/or investigators on whose behalf the Court issues this Order, will act as substitute custodian of any and all items seized pursuant to the Order. Plaintiffs shall indemnify and Defendants shall hold harmless the U.S. Marshals Service and other law enforcement agencies and their employees from any and all claims, asserted in any Court tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and possession of the Defendants' property, including any third-party;

c. Anyone interfering with the execution of this Order is subject to arrest by the U.S. Marshals Service;

d. Plaintiffs including their attorneys and/or investigators on whose behalf the Court issues this Order will account completely for all property seized and/or found at this premises and shall compile a written inventory of all such property and shall provide a copy to the U.S. Marshal, who shall include such a copy with his return to the Court;

If the Plaintiffs have arranged for the property to be moved or stored, Plaintiffs must provide the U.S. Marshal with written proof that the storage fees have been paid and

[handwritten margin note: "(other than gain entry to the premises)"]

adequate insurance against loss or damage has been obtained as evidenced by an insurance certificate; and further,

7. That if, after this Order is served on them, Defendants or any of their agents, employees or others controlled by them or acting on their behalf or in concert with them, obtain the possession or presently are in the possession, custody or control of any additional quantity of the above-described items (e.g., counterfeit or imitation or materially different goods, business records, or computerized information), they will immediately notify the Plaintiffs' attorneys, and retain without sale or destruction, or other harm or transfer, such items until further Order of this Court; and further,

8. That, Plaintiffs are granted expedited discovery which shall be scheduled by a Magistrate Judge; and further,

9. That, pursuant to Fed. R. Civ. P. 65, the Plaintiffs shall file a bond in the amount of $10,000 with the Clerk of the Court, should it be determined that the Plaintiffs are not entitled to the relief set forth herein; and further,

10. That, Defendants shall file and serve a responsive memorandum and any supporting documents no later than 5:00 pm two (2) business days prior to the hearing set forth herein; Defendants shall serve a copy of said responsive papers on Plaintiffs' counsel by hand.

11. That Defendants are Ordered to show cause at a hearing to be held at 2:00 a.m./p.m. on the 7th day of October, 2014, in Courtroom 4AS of the United States District Courthouse, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, why this Temporary Restraining Order should not be confirmed and a Preliminary Injunction entered in the above form.

SO ORDERED, this 1st day of October, 2014, at 12:45 a.m./p.m.

s/Margo K. Brodie
United States District Judge