UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
MITCHELL GROUP USA, LLC and :
GAPARDIS HEALTH AND BEAUTY, INC., :
:
                       Plaintiffs, :
:
                  -against- :
:
NKEM UDEH, individually and d/b/a, :
"BEAUTY RESOURCE"; TIMITE & SON : **MEMORANDUM & ORDER**
BEAUTY SUPPLIES, INC.; WORLD : 14-CV-5745 (DLI)(JO)
BEAUTY DISTRIBUTOR, INC.; AFRICAN & :
CARIBBEAN MARKET, INC.; and JOHN :
DOES 1-10; and UNKNOWN ENTITIES 1-10, :
:
                     Defendants. :
---------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On August 12, 2015, the Honorable James Orenstein, U.S.M.J., recommended that Sahendou Timite ("Timite"), the Timite Defendants[1] and their attorney, Pablo E. Bustos, Esq. ("Bustos"), be held in civil contempt for failure to: (1) appear in court; (2) comply with discovery orders; and (3) pay the outstanding fees and fines the Court previously imposed. The magistrate judge further recommended that: (1) the Timite Defendants and Timite, jointly and severally, be ordered to pay the outstanding fine of $250.00 for each day of non-compliance with discovery orders since June 16, 2015; (2) the Court strike the Timite Defendants' Answer (Dkt. Entry No. 89) and permit plaintiffs to seek a default judgment; (3) the Court sanction the Timite Defendants by precluding their submission of any evidence in this matter that includes information that should have heretofore been produced; (4) the Court order the Timite Defendants to reimburse plaintiffs for the reasonable attorneys' fees and costs associated with their counsels' appearances at the August 7 and 11, 2015 conferences; and (5) the Court sanction

---
[1] The Timite Defendants refer to Timite & Son Beauty Supplies, Inc. and World Beauty Distributor, Inc.

Bustos by imposing a monetary fine of $500.00. At the Order to Show Cause hearing held on August 20, 2015, this Court adopted the magistrate judge's recommendations in their entirety. This Memorandum and Order explains the reasoning for the Court's decision.

## BACKGROUND

**I.     The Complaint**

Plaintiffs' second amended complaint includes the following claims: (i) willful trademark counterfeiting and infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; (ii) federal trademark infringement through the sale of materially different goods; (iii) unfair competition under federal law 15 U.S.C. § 1125; (iv) unfair competition in violation of New York State common law; and (v) trademark infringement in violation of the New York State common law. (*See generally* Second Amended Complaint ("Second Am. Compl."), Dkt. Entry No. 55.)

**II.    Parties**

Plaintiffs brought this action to redress past and ongoing loss and damages sustained as a result of purported trademark counterfeiting and infringement by Defendant Nkem Udeh ("Udeh"). Plaintiffs are the owners and/or exclusive licensees of the various federal and state trademark registrations at issue in this suit. (Second Am. Compl. at ¶ 3.) These beauty products include: Neoprosone, Lemonvate, Fair & White; and Paris Fair & White.[2] (*Id*. at ¶¶ 18, 19.) Udeh is the owner, controlling force and/or operator of Beauty Resources, located at 3311 Church Avenue, Brooklyn New York 11203. (*Id*. at ¶ 4.) Timite is the owner, controlling force and/or operator of the Timite Defendants, which include Timite & Son Beauty Supplies, Inc. and World Beauty Distributor, Inc., having their principal places of business at 1970 Adam Clayton

---

[2] NEOPROSONE (Reg. No. 3,108,357); LEMONVATE (Reg. No. 3,457,390), FAIR & WHITE (Reg. No. 2,839,374), and PARIS FAIR & WHITE (Reg. No. 2,497,918).

Powell Boulevard and 1964 7th Avenue, New York, New York 10026, respectively (*Id*. at ¶ 5; Minute Entry for Status Conference Held on 05/12/2015, Dkt. Entry No. 70.) The Timite Defendants supply defendant Udeh with counterfeit Lemonvate cream. (Second Am. Compl. at ¶ 93.)

III. **Plaintiff's Investigation and Defendants' Infringement Activities**

Plaintiffs contend that they extensively have advertised, promoted and otherwise used their marks in commerce throughout the United States, including within the Eastern District of New York, and extensively have used their respective marks in interstate commerce. (Second Am. Compl. at ¶ 21.) Consequently, they have acquired considerable and valuable goodwill and wide-scale recognition for their mark. (*Id*. at ¶¶ 22-24.)

Plaintiffs allege that defendants[3] acted in a collective manner to commit acts of trademark counterfeiting and trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq*., as well as state and common law unfair competition in this District. Plaintiffs accuse defendants of selling, offering for sale, distributing, promoting and advertising merchandise bearing counterfeits and infringements of the NEOPROSONE, LEMONVATE, and FAIR & WHITE marks. (*Id*. at ¶ 25.)

Plaintiffs hired Private Investigator Brad Cole ("Cole"), of Diogenes LLC, to investigate defendants' sale of counterfeit goods bearing plaintiffs' trademarks and replicating plaintiffs' packaging. As part of his investigation, Cole visited defendants' stores and purchased products bearing plaintiffs' NEOPROSONE, LEMONVATE, and FAIR & WHITE marks. (*See* Affidavit of Brad Cole ("Cole Aff.") ¶¶ 3-7, 10-12, Dkt. Entry No. 24-1.) Cole also compiled a Field

---

[3] The identities of "John Does" 1-10 and Unknown Entities 1-10 currently are not known to plaintiffs, but, are believed by plaintiffs to be associated with defendants, are additional moving, active and conscious forces behind defendant's infringing conduct, as well as suppliers and others in the chain of distribution. (Second Am. Compl. at ¶ 7.) Plaintiffs require discovery and further investigation to identify them and move to amend the pleadings accordingly. (*Id*.)

3

Authentication Matrix highlighting these differences. (*See* First Amended Complaint ("First Am. Compl."), Ex. C, Dkt. Entry No. 55-1.) The images submitted by plaintiffs clearly show the replication of plaintiffs' trademarks and plaintiffs' packaging. (*See Id*.) Based on this information, plaintiffs contend that they have established that defendants are engaged in selling counterfeit products under plaintiffs' marks. (Second Am. Compl. at ¶¶ 43, 44, 52.)

Plaintiffs also accuse defendants of selling gray market products, in addition to the aforementioned counterfeit products. (Second Am. Compl. at ¶ 14.) These gray market products, which are manufactured outside the U.S. and originally were intended for sale outside the U.S., are being sold under the FAIR AND WHITE and/or PARIS FAIR & WHITE marks in this District. (*Id*. at ¶¶ 50, 51.) These gray market goods are materially different from the genuine product sold by plaintiffs under the FAIR & WHITE and/or PARIS FAIR & WHITE marks in the United States. (*Id*.)

## PROCEDURAL HISTORY

On June 16, 2015, this Court held a hearing wherein it adjudged the Timite Defendants in civil contempt of the Court's lawful authority. (*See* Minute Entry for Show Cause Hearing held 06/16/2015.) At the conclusion of that hearing, the Court specifically affirmed the magistrate judge's June 2, 2015 Order: (1) compelling the Timite Defendants' compliance with all outstanding discovery requests under threat of sanctions; and (2) ordering the reimbursement of fees and costs in the total amount of $9,064.32, with the possibility of an upward revision of that amount pursuant to plaintiffs' service of a supplemental bill of costs by no later than June 9, 2015. (*Id*.) Plaintiffs timely calculated the supplemental bill of costs to be $6,789.50 and the Court ordered the Timite Defendants to remit payment. (*See* Objection to Supplemental Fee Request and Request for An Extension of time to Pay Last Bill of Costs ("Obj. to Supp. Fee

Request"), Dkt. Entry No. 87.) The Court further ordered the Timite Defendants to answer plaintiffs' second amended complaint by June 19, 2015. In order to compel compliance with all Court orders, the Court ordered the imposition of a $250.00 fine for each day of non-compliance. (*See* Minute Entry for Show Cause Hearing held 06/16/2015.) Finally, the Court directed Pablo Bustos to file a letter by July 16, 2015 stating whether he planned to continue representing the Timite Defendants. (*Id.*)

On June 19, 2015, plaintiffs reported that the Timite Defendants had not complied with the aforementioned Orders by failing to produce all of the requested discovery or make all of the required payments. (*See generally* Letter Reporting Timite Defendants [sic] Failure to Comply, Dkt. Entry No. 90.) While plaintiffs conceded that the Timite Defendants had provided plaintiffs with five sets of sales records reflecting the Timite Defendants' wholesale customers' purchases for the first and second quarters of 2015, plaintiffs argued that this submission did not cure the overall deficiency of the Timite Defendants' document production. (*Id.* at 2.)

Bustos failed to meet his deadline and informed the magistrate judge by letter dated July 20, 2015 that he agreed to remain as counsel for the Timite Defendants but would refer this case to another attorney if settlement could not be reached and the case went to trial. (Status Report by Timite & Son Beauty Supplies, Inc., Dkt. Entry No. 93.) Bustos also claimed in the letter that the Timite Defendants had provided a voluminous amount of discovery to plaintiffs and had virtually exhausted the materials in their possession. (*Id.*) However, on that same date, plaintiffs requested a status conference because the Timite Defendants neither had completed the required discovery nor had paid all of the outstanding fees and costs. (*See generally* Status Report and Request for Status Conference ("Plaintiffs' Status Report"), Dkt. Entry No. 94.) Plaintiffs further argued that, while the Timite Defendants produced both 2013 and 2014 wholesale sales

records, a substantial amount of discovery remained outstanding. (*Id*.) Plaintiffs specifically argued that all documents provided thus far by the Timite Defendants related exclusively to its wholesale operation through World Beauty Distributor, Inc. Plaintiffs had not received any discovery from the Timite Defendants' retail entity, Timite & Son Beauty Supplies, Inc. (*Id*.)

On July 21, 2015, the magistrate judge scheduled a status conference for August 7, 2015 and ordered the appearance of the Timite Defendants either through their attorney of record or their owner. (Scheduling Order, 07/21/2015; Minute Entry for Status Conference Held on 08/07/2015, Dkt. Entry No. 95.) Neither the Timite Defendants nor their attorney of record appeared at the conference on August 7, 2015, nor did they ask/ to be excused or to reschedule the conference. (*See* Minute Entry for Status Conference Held on 08/07/2015.) The magistrate judge then scheduled a conference for August 11, 2015 at 10:00 a.m., directing both Timite and Bustos to appear in person to show cause why the magistrate judge should not recommend that this Court impose sanctions against each for their failure to appear. (Transcript of August 7, 2015 Proceedings at 3, Dkt. Entry No. 97.)

On August 11, 2015, both Timite and Bustos failed to appear physically. (*See* Minute Entry for Status Conference Held on 08/11/2015, Dkt. Entry No. 96.) Instead, Bustos called into the conference over forty-five minutes after the designated start time. (*Id*.) During the course of that proceeding, plaintiffs' counsel informed the magistrate judge that the Timite Defendants again failed to: (1) produce all of the required discovery; (2) pay all of the outstanding costs and fees attendant to the ordered reimbursement; and (3) pay the sanctions of $250.00 per day as previously ordered by this Court. (Transcript of Civil Cause for Status Conference on August 11, 2015 ("August 11th SC Transcript") at 4:6-10:5, Dkt. Entry No. 99.)

Bustos claimed he did not have advance notice of the conference. (*Id*. at 13:8-13.) The

magistrate judge advised him that the scheduling order had been issued electronically at the same email address provided by Bustos for the purpose of receiving notifications of electronic filings. (*Id*. at 13:14-14:5.) Moreover, Bustos had called in response to an email sent to him that day from the magistrate judge's chambers. (*Id*. at 13:8-9.) Bustos confirmed that the magistrate judge had his proper email address. (*Id*. at 13:2-25; 14:17-20.)

This Court held a hearing on August 20, 2015 pursuant to its Order issued August 12, 2015 directing the Timite Defendants and Bustos to show cause why they should not be held in contempt and sanctioned for their continued failure to comply with this Court's and the magistrate judge's Orders. (*See* Minute Entry for Show Cause Hearing Held on 08/20/2015.) During the hearing, the Court found Bustos' explanations as to why he and Timite did not appear at the August 7, 2015 and August 11, 2015 hearings to strain credulity. Moreover, the Court admonished Timite for his failure to comply with the numerous discovery orders and deemed his conduct throughout the course of the litigation to be obstructionist. Notwithstanding Timite's representations that he had made attempts to comply with the discovery orders, the Court adopted the magistrate judge's recommendations in their entirety. (*Id*.) Specifically, the Court held Timite, the Timite Defendants and Bustos in civil contempt for failure to: (1) appear in court as directed; (2) comply with discovery orders; and (3) pay the outstanding fees and fines imposed pursuant to the June 16, 2015 Court . The Court advised the parties that further penalties would be assessed against the Timite Defendants and Bustos if they failed to comply with the Court's Order. Additionally, the Court struck the Timite Defendants' answer to the second amended complaint and permitted plaintiffs to move for default judgment before the magistrate judge. (*Id*.)

Bustos renewed his request to be removed as counsel during the August 20, 2015 hearing.

7

The Court is troubled by Bustos' vacillation between qualified representation of the Timite Defendants and a newfound desire to withdraw as counsel. This Court's Order of June 16, 2015 accorded Bustos ample time to determine whether he would remain as Timite Defendants' counsel. In a July 20, 2015 letter to the Court, Bustos indicated his intention to remain as counsel provided the matter did not proceed to trial. (*See* Status Report by Timite & Son Beauty Supplies, Inc., Dkt. Entry No. 93.) While Bustos' articulated reasons for this reversal of position are insufficient to satisfy the standards for withdrawal of counsel set forth in U.S. Dist. Ct. Rules S.D.N.Y. & E.D.N.Y., Civil Rule 1.4, based upon Bustos' representations of intransigence on the part of the Timite Defendants, against his advice, the Court granted Bustos' request to be relieved as counsel. (*See* Minute Entry for Show Cause Hearing Held on 08/20/2015.)

## DISCUSSION

Since the inception of this matter, the Timite Defendants' demonstrated recalcitrance toward this Court's lawful authority permits no other conclusion than that it is willful and deliberate. Both Timite's and Bustos' repeated failures to appear before this Court at scheduled status conferences throughout the pendency of this litigation have unduly delayed the resolution of this action and wasted precious Court time and resources. For the reasons set forth below, the Court finds the Timite Defendants, Timite and their counsel, Bustos, in civil contempt of court for violating the Court's Orders.

**I.**     **Standard for Civil Contempt**

The power to punish litigants for contempt is inherent in all courts, and "[a] sanction imposed to compel obedience to a lawful court order or to provide compensation to a complaining party is civil" in nature. *New York State Nat. Organization for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989); *see United States v. United Mine Workers of America*, 330 U.S.

258, 303-04 (1947); *Hess v. New Jersey Transit Rail Operations, Inc.*, 846 F.2d 114, 115 (2d Cir. 1988). In the Second Circuit, the district court must find the following in order to hold a party in civil contempt: (1) the issuance of a clear and unambiguous court order; (2) clear and convincing proof of noncompliance with said order; and (3) lack of reasonable diligence by defendant in attempting to accomplish what was ordered. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995); *see also Drywall Tapers and Pointers, Local 1974 etc. v. Local 530 of Operative Plasterers & Cement Masons International Association*, 889 F.2d 389, 394 (2d Cir. 1989) (quoting *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir. 1981), *cert. denied*, 454 U.S. 832 (1981)).

The Court is prohibited from imposing sanctions punitively; however, coercive and compensatory inducements may appropriately underlie the imposition of civil sanctions. *Paramedics Electromedicina Comercial, Ltda v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 657 (2d Cir. 2004). Furthermore, it need not be established that a party's violation of a court order was willful in order to hold that party in contempt. *Id*. at 655; *see also Donovan v. Sovereign Sec. Ltd.*, 726 F.2d 55, 59 (2d Cir. 1984). "Inability to comply is, of course, a 'long-recognized defense to a civil contempt citation,' but the burden is on defendants to substantiate their claimed inability" without equivocation. *Donovan*, 726 F.2d at 59 (quoting *United States v. Wendy*, 575 F.2d 1025, 1030-31 (2d Cir. 1978)). However, prior to being adjudged in contempt, due process requires that a party must be properly noticed that it is a defendant in a contempt hearing. *Drywall Tapers and Pointers*, 889 F.2d at 394; *see* Fed. R. Crim. P. 42(b); *Remington Rand Corporation-Delaware v. Business Systems, Inc.*, 830 F.2d 1256, 1258 (3d Cir. 1987) (applying Rule 42(b) to civil cases); *Dole Fresh Fruit Co. v. United Banana Co., Inc.*, 821 F.2d 106, 109 (2d Cir. 1987) (same).

## II. Application of Standard for Civil Contempt

### A. Three-Pronged Analysis

Applying the standard delineated above, the Court's Order of June 16, 2015 as well as the magistrate judge's Orders of April 30, 2015, May 12, 2015, June 2, 2015, July 21, 2015 and August 7, 2015 are all clear and unambiguous. The April 30, 2015 Order directed defense counsel Bustos to appear personally at the May 12, 2015 status conference, notwithstanding his request to have another attorney appear in his stead. On May 12, 2015, both the Timite Defendants and Bustos failed to appear in court. The magistrate judge then scheduled an Order to Show Cause Hearing for June 2, 2015 as to why the Timite Defendants and Bustos should not be held in civil contempt for their contravention of the magistrate judge's lawful authority. While Bustos appeared for the June 2, 2015 hearing, Timite again failed to appear. Accordingly, the magistrate judge ordered that the Timite Defendants: (1) provide all records and information responsive to all outstanding discovery requests by June 9, 2015; and (2) reimburse plaintiffs for all reasonable fees and costs totaling $9,064.32, no later than June 9, 2015. (*See* Minute Entry, Status Conference held 06/02/2015.) The magistrate judge then issued another Order on June 3, 2015 compelling the Timite Defendants and Bustos to appear before this Court for an Order to Show Cause Hearing as to why Timite and Bustos should not be adjudged in civil contempt.

On June 16, 2015, at the conclusion of the show cause hearing, this Court ordered the Timite Defendants to: (1) provide plaintiffs' attorneys with all requested discovery by June 19, 2015 and incur a $250.00 fine per day for each day of delay in disclosing said discovery; and (2) pay by June 30, 2015 plaintiffs' reasonable costs and fees pursuant to the magistrate judge's Order. (*See* Minute Entry, Status Conference held 06/02/2015.) Bustos was directed to inform

the Court whether he planned to remain as counsel to the Timite Defendants by July 16, 2015. (*Id*.)

On June 19, 2015, plaintiffs filed a letter with both the Court and the magistrate judge reporting that the Timite Defendants' document production was woefully deficient. (*See* Letter Reporting Timite Defendants [sic] Failure to Comply, Dkt. Entry No. 90.) On July 20, 2015, plaintiffs further summarized the Timite Defendants' lax discovery progress in a letter filed with both the Court and the magistrate judge requesting another status conference. (*See* Status Report and Request for Status Conference, Dkt. Entry. No. 94.) The magistrate judge granted this request and scheduled a conference for August 7, 2015. The clarity of each of these Orders reasonably cannot be contested.

The Timite Defendants', Timite's, and Bustos' repeated failures to appear at scheduled status conferences and to comply with discovery orders are clear and convincing proof of their contempt for the authority of this Court. Specifically, Timite's failure to appear at the May 12, 2015 status conference and his failure to appear at the June 2, 2015 Order to Show Cause Hearing constituted categorical noncompliance with the magistrate judge's Orders of April 30, 2015 and May 12, 2015, respectively. Similarly, Bustos' failure to appear for the May 12, 2015 status conference represented an unambiguous failure to comply with the Court's April 30, 2015 directive. The Timite Defendants' unexcused failure to comply with all outstanding discovery requests and reimburse plaintiffs $9,064.32 in fees and costs by June 9, 2015 pursuant to the magistrate judge's June 2, 2015 Order was also clear and convincing proof of their willful noncompliance.

The Timite Defendants' subsequent failure to satisfy all discovery demands by the new June 19, 2015 deadline and pay plaintiffs' reasonable costs and fees by June 30, 2015 in

11

violation of this Court's June 16, 2015 Order further demonstrates a willful noncompliance. Moreover, the Timite Defendants' recurrent failures to appear at the August 7 and 11, 2015 status conferences represented clear and convincing proof of noncompliance with the magistrate judge's Orders of July 21, 2015 and August 7, 2015, respectively. The Court also finds that Bustos' failure to appear at the status conference on August 7, 2015 constituted clear and convincing evidence of noncompliance with the magistrate judge's July 21, 2015 Order.

As to the third and final prong of the civil contempt analysis, no evidence has been proffered to demonstrate that Timite exercised any diligence in attempting to comply with the magistrate judge's Orders to appear for the May 12, 2015 status conference or the June 2, 2015 Order to Show Cause Hearing. Indeed, Timite's cavalier attitude towards his responsibilities in this litigation only continued with his consecutive failures to appear in court on August 7 and 11, 2015. Similarly, Timite neither provided reasons for his absence nor offered proof of any attempts to comply with the respective Orders of July 21, 2015 and August 7, 2015. The alleged failure of Bustos to inform Timite of his obligation to appear in court on the aforementioned dates, while problematic, does not absolve Timite of being adjudged in civil contempt. Because it is not necessary to show that Timite's noncompliance was willful, his absence from court on the dates at issue is sufficient to demonstrate satisfaction of this element of the analysis. *See Donovan*, 726 F.2d at 59.

Bustos also failed to demonstrate reasonably diligent efforts to comply with the April 30, 2015 Order to appear in court on May 12, 2015. He again failed to appear before the magistrate judge on August 7, 2015, offering the incredulous excuse that he had not received the electronic notice of the status conference, in the face of evidence to the contrary. At the Order to Show Cause Hearing conducted before this Court on August 20, 2015, Bustos again offered no valid

reason for his failure to appear in court on these dates.  Neither these excuses nor Bustos' other actions satisfy the reasonable diligence standard articulated in the third prong of the civil contempt analysis.

Moreover, the Timite Defendants' meager attempts at satisfying their discovery obligations do not rise to the level of reasonable diligence in complying with the Court's numerous orders.  Beginning on February 20, 2015, the Timite Defendants failed to make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) ("Rule 26(a)(1)") as well as respond to interrogatories and document production requests in accordance with the magistrate judge's scheduling order.  (*See* Scheduling Order, Dkt. Entry No. 37.)   On May 12, 2015, the magistrate judge issued yet another order compelling the completion of all outstanding discovery by May 19, 2015.  On May 19, 2015, Bustos responded to plaintiffs' discovery request with a rather vacuous letter reporting the difficulty he was experiencing in coordinating discovery compliance with the Timite Defendants, but offering no answers to the discovery demands.  On June 2, 2015, the magistrate judge again ordered the Timite Defendants to discharge their discovery obligations and complete the Rule 26(a)(1) initial disclosures by June 9, 2015.  The Timite Defendants' responses to plaintiffs' interrogatories and their answer to the second amended complaint were woefully deficient and their initial disclosures incomplete.

On June 16, 2015, this Court struck the Timite Defendants' answer to the second amended complaint and their responses to plaintiffs' interrogatories as both were deficient and directed the Timite Defendants to comply with all of their discovery obligations by June 19, 2015. (Minute Entry, Show Cause Hearing held 06/16/2015.)  By letter dated June 19, 2015, plaintiffs informed the Court that the Timite Defendants again failed to comply with the discovery order.  Inexorably, each instance of failure by the Timite Defendants has compelled

plaintiffs to seek the intervention of the Court and the magistrate judge, which has unnecessarily prolonged the adjudication of this matter and strained the resources of this Court and the magistrate judge. Therefore, the Court finds that the Timite Defendants did not exercise reasonable diligence in attempting to accomplish the discovery duties judicially imposed upon them throughout the pendency of this litigation.

Based on the foregoing, the Court finds the Timite Defendants and Timite in civil contempt of this Court's lawful authority with regard to the failures to comply with the magistrate judge's April 30, 2015, May 12, 2015, July 21, 2015 and August 7, 2015 Orders to appear in court for status conferences and Orders to Show Cause. The Timite Defendants and Timite are further adjudged in civil contempt of court due to the obstructionist manner in which they have repeatedly failed to comply with their discovery obligations. The Court also finds Bustos in civil contempt of this Court's lawful authority for failing to comply with the magistrate judge's April 30, 2015 and July 21, 2015 Orders to appear in court for both status conferences. Pursuant to this judgment, the Court imposes both evidentiary and monetary sanctions upon the Timite Defendants and Bustos as set forth below.

**B. Coercive and Compensatory Nature of Sanctions**

While compensatory sanctions are principally designed to reimburse the aggrieved party for its actual damages, coercive sanctions serve a deterrent purpose. *United States v. United Mine Workers of America*, 330 U.S. 258, 303-04 (1947). The Second Circuit has articulated certain factors for the court to consider in determining whether to impose coercive civil contempt sanctions: "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Terry*, 886 F.2d at

1353. The ultimate consideration of whether the coercive sanction—here, a $16,500.00 fine—is reasonable in relation to the facts is a determination "left to the informed discretion of the district court." *Id*.; *see In re Grand Jury Witness*, 835 F.2d 437, 443 (2d Cir. 1987).

The Court initially imposed compensatory sanctions of $6,789.50 upon the Timite Defendants to reimburse plaintiffs for the reasonable fees and costs associated with plaintiffs' counsel's court appearances from which the Timite Defendants, as well as Bustos, absented themselves. At the August 20, 2015 Order to Show Cause Hearing, plaintiffs' counsel advised the Court that the Timite Defendants had remitted payment and fully complied with this sanction. Notably, the $16,250.00 fine assessed against the Timite Defendants pursuant to this Court's imposition of a $250.00 fine per day for each day that the Timite Defendants failed to comply with the Court's June 16, 2015 discovery order constitutes a coercive sanction to which the Court must apply the analysis set forth in *Terry*. Without imposing some sanction based on the Timite Defendants' continued refusal to comply with their discovery obligations, this litigation would be prolonged unduly, straining the Court's and plaintiffs' time and resources. More importantly, it would neutralize the Court's power and authority to enforce lawful orders. Furthermore, the threat of a daily fine of $250.00 is a reasonable sanction designed to compel compliance with a lawful court order. Finally, since the fine was conditional, and thereby avoidable, there is no need to calibrate it to the Timite Defendants' financial resources. *New York State Nat. Organization for Women v. Terry*, 952 F. Supp. 1033, 1041 (S.D.N.Y. 1997). The Court, thus, determines that the sanctions satisfy the considerations enumerated in *Terry*.

### C. Due Process Concerns

There are no due process concerns at issue in holding the Timite Defendants, Timite and Bustos in civil contempt of this Court's lawful authority because all parties received notice by

Court Orders issued by both the magistrate judge and this Court in June and August 2015 as previously described. Therefore, no additional due process analysis is required.

**CONCLUSION**

For the reasons set forth above, the Court adopts the magistrate judge's recommendations in their entirety and hereby finds the Timite Defendants, Timite and Bustos in civil contempt of this Court's lawful authority with respect to the specifically referenced court orders discussed above. Accordingly, the Timite Defendants are precluded from offering any evidence in any future proceedings in this case that includes information that heretofore should have been produced. The Timite Defendants were further ordered to remit payment of $16,250.00[4] to plaintiffs by September 20, 2015 for their repeated failures to produce the requested and court-ordered discovery. Bustos was sanctioned with the imposition of a $500.00 fine payable to the Court by September 20, 2015. Bustos' motion to be relieved as counsel for the Timite Defendants is granted.

SO ORDERED.

Dated: Brooklyn, New York
November 5, 2015
*Nunc Pro Tunc* to August 20, 2015

/s/
DORA L. IRIZARRY
United States District Judge

---

[4] The $250.00 daily fine imposed against the Timite Defendants has been assessed as of June 16, 2015 up to August 20, 2015.