FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 1 7 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

MITCHELL GROUP USA LLC; and GAPARDIS
HEALTH AND BEAUTY, INC.,

        Plaintiffs,

– against –

NKEM UDEH, individually and d/b/a, "BEAUTY
RESOURCE"; TIMITE & SON BEAUTY
SUPPLIES, INC.; WORLD BEAUTY
DISTRIBUTOR, INC.; AFRICAN &
CARIBBEAN MARKET, INC.; and JOHN DOES
1-10; and UNKNOWN ENTITIES 1-10,

        Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

14-CV-5745 (AMD)(JO)

**ANN M. DONNELLY**, District Judge.

  The defendants Timite & Son Beauty Supply Inc. and World Beauty Distributor, Inc., both owned by Sahendou Timite (the "Timite defendants"), have moved for reconsideration of an order by the Honorable Judge Dora Irizarry, by which she ordered sanctions for civil contempt and struck the defendants' answer.[1] For the reasons that follow, the motion is denied.

### BACKGROUND

  In the underlying action, the plaintiffs accuse the defendants of unfair competition, and trademark counterfeiting and infringement.[2] Over the course of the litigation, despite escalating

---

[1] Judge Irizarry announced her ruling from the bench on August 20, 2015 and issued a memorandum and order on November 5, 2015; the certificate of default was issued on November 24, 2015.
[2] The plaintiffs and the other defendants have agreed to settlement.

1

sanctions, the defendants repeatedly failed to comply with multiple discovery orders. As a result, on August 12, 2015, Magistrate Judge James Orenstein recommended that the defendants be held in civil contempt for failing to: (1) appear in court; (2) comply with outstanding discovery orders; and (3) pay the outstanding fees and fines. (Dkt. No. 100.) Judge Orenstein also recommended that the defendants' answer be stricken, that the plaintiffs be allowed to move for default judgment, and that the defendants be precluded from offering any evidence in future proceedings that should have been produced in discovery. *Id.*

On August 20, 2015, following a full hearing on the merits, Judge Irizarry adopted Judge Orenstein's recommendations. (*See* Minute Entry for Show Cause Hearing, Aug. 20, 2015.) The defendants moved to vacate the contempt order on September 16, 2015. (Dkt. No. 104.) Judge Irizarry denied the motion without prejudice, because it did not comply with the Federal Rules of Civil Procedure or with Judge Irizarry's individual rules. *See* September 17, 2015 Order. The case was reassigned to me on November 8, 2015. The defendants filed this motion on December 17, 2015. (Dkt. No. 132.)[3]

## DISCUSSION

A court should not grant a motion for reconsideration pursuant to Federal Rule of Civil Procedure 54(b) "where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In order to succeed on a motion for reconsideration, the moving party must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice."

---

[3] The defendants filed a notice of appeal to the Second Circuit, but withdrew it on February 12, 2016.

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal citation omitted).

The defendants do not cite any new evidence nor any new legal authority in support of their motion. Instead, they argue simply that the monetary fines were sufficiently coercive to induce compliance with discovery orders, and that the Court's imposition of non-monetary sanctions was unnecessarily punitive. (*See* Dkt. No. 132-11.) As the record makes clear, however, the defendants have failed to establish that there was either a clear error or that there was manifest injustice in Judge Irizarry's decision.

On the contrary, both Judge Orenstein and Judge Irizarry were faced with a party that utterly refused to participate in the discovery process. In an effort to compel compliance, Judge Orenstein took various steps, increasing in severity, all to no avail. First, he ordered the defendants to pay the plaintiffs' fees and costs. When that step was unsuccessful, he imposed sanctions of $250 per day, a measure that also failed to compel compliance. Finally, Judge Orenstein recommended that Judge Irizarry strike the defendants' answer and preclude them from offering any evidence that they should have produced during the discovery process, and that she permit the plaintiffs to seek a default judgment. Following a full hearing on the merits, Judge Irizarry adopted Judge Orenstein's recommendation. Given the defendants' recalcitrance, this remedy was both appropriate and necessary.

A court is empowered to strike the pleadings of a party and to enter default judgment against the party when the party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A). Under the circumstances in this case, the remedy imposed was amply warranted by the defendants' behavior. Therefore, it was not a clear error or a manifest injustice to impose these sanctions.

Because the defendants have failed to make the requisite showing, the motion for reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly
───────────────────
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
February 17, 2016